OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.

Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Mosely.
[Cite as Disciplinary Counsel v. Mosely (1994),          Ohio
St.3d     .]
Attorneys at law -- Judges -- Misconduct -- Permanent
      disbarment -- Conviction on six felony counts of
      interference with commerce by extortion in violation of
      Section 1951, Title 18 U.S. Code -- Conspiring to use
      position as judge to unlawfully obtain property not due
      him -- Conviction on three counts of grand theft and three
      counts of theft while in office -- Receiving illegal
      payments or kickbacks.
      (No. 93-2171 -- Submitted March 1, 1994, -- Decided June
8, 1994.)
      On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 89-09.
      On October 30, 1985, the relator, Office of Disciplinary
Counsel, filed a two-count complaint against respondent,
Freddie Melvin Mosely of East Cleveland, Ohio, Attorney
Registration No. 0043053, with the Board of Commissioners on
Grievances and Discipline of the Supreme Court.  The original
complaint was subsequently amended January 9, 1986 to include a
third count.
      Count one of the amended complaint alleged that respondent
was convicted of six felony counts of interference with
commerce by extortion in violation of Section 1951, Title 18,
U.S. Code, in that he conspired to use his position as judge to
unlawfully obtain property not due him.  On October 9, 1985,
the federal court found the respondent guilty on all six counts
and sentenced him to ten years on each count to run
concurrently.  The complaint alleged violation of Judicial
Canon 2A of the Code of Judicial Conduct (failing to avoid
impropriety or the appearance of impropriety) and DR
1-102(A)(3) (engaging in illegal conduct involving moral
turpitude).
      The second count of the amended complaint alleged that
respondent received in excess of $230,000 in illegal payments
or kickbacks from certain persons, including court-appointed
contractors.  The complaint alleged that this action violated

Judicial Canon 1 of the Code of Judicial Conduct (upholding the integrity of the judiciary), as well as DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation), 1-102(A)(5) (engaging in conduct that is prejudicial to the administration of justice), and 1-102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law). Respondent was involved in two schemes to obtain money.  In the first scheme, a contractor would mail form letters to people who had delinquent or expired traffic tickets.  As the fines were paid, the money was apparently divided among the respondent and his criminal associates, the contractor and the city manager.  The second scheme apparently involved the respondent in taking kickbacks from a bogus company involved in condemnation proceedings overseen by respondent's court.

Count three alleged that respondent violated Judicial Canon 2A of the Code of Judicial Conduct, and DR 1-102(A)(3), stemming from respondent's indictment by the state of Ohio in September 1985 on three counts of grand theft and three counts of theft while in office.  After entering a plea of no contest, respondent was found guilty of all counts and was sentenced to two years on each of the six counts to run consecutively with each other but concurrently with the federal sentence.

On November 6, 1985, we automatically suspended respondent indefinitely from the practice of law for conviction of a felony.  After respondent was released from prison, he and relator filed a joint stipulation of facts on June 11, 1993, in which respondent agreed to nearly all the facts and allegations contained in the amended complaint.  Concerning Counts I and III, respondent stipulated that while he was an elected judge of the East Cleveland Municipal Court, he violated Canons 1 and 2 of the Code of Judicial Conduct.  It was further stipulated that the respondent violated DR 1-102(A)(3), 1-102(A)(4), and 1-102(A)5).  With regard to Count II, respondent admitted violating Canons 1 and 2 of the Code of Judicial Conduct and DR 1-102(A)(4), 1-102(A)(5), and 1-102(A)(6).

Relator and respondent recommended an indefinite suspension as the sanction for respondent's conduct.  A hearing before the panel was held on June 15, 1993. The panel accepted the recommendation of an indefinite suspension.  The board adopted the findings of fact and conclusions of law of the panel, but recommended that the respondent be permanently disbarred and that costs of the proceedings be taxed to respondent.

Geoffrey Stern, Disciplinary Counsel, and Sally Ann Steuk, Assistant Disciplinary Counsel, for relator.
Freddie Melvin Mosely, pro se.

Per Curiam.  We concur in the findings and recommendation of the board.  Respondent is hereby permanently disbarred from the practice of law in Ohio.  Costs taxed to respondent.
                                  Judgment accordingly.
Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.